UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DEVON BEAN,

                Plaintiffs,

v.                                                  Case No. 19-cv-954-pp

ERIK MALDONADO, *et al.*,

                Defendants.

---

**ORDER DISMISSING CASE FOR FAILURE TO DILIGENTLY PURSUE IT UNDER CIVIL LOCAL RULE 41(C)**

---

On July 1, 2019, the plaintiff, representing himself, filed a civil complaint, dkt. no. 1, and a motion for leave to proceed without prepaying the filing fee, dkt. no. 2. The Prison Litigation Reform Act (PLRA) applies to this case because the plaintiff was incarcerated when he filed his complaint.

The plaintiff signed his complaint "Devon L. Bean," and listed a prisoner ID number of 1000232 and his address as the Dodge County Detention Center. Dkt. No. 1 at 7. The same day that it received the complaint, the clerk's office mailed the plaintiff a letter informing him that before the court would consider his motion, he had to file a certified copy of his institutional trust account statement for the six months preceding the date he filed his complaint. Dkt. No. 3. The clerk's office warned the plaintiff that failure to comply could result in dismissal of the case. Id.

On July 11, 2019, the court received from the plaintiff a document titled "Inmate Balance History Report—Simple," created on July 7, 2019 and showing

1

that the previous day—July 6, 2019—the plaintiff had received a deposit of $175. Dkt. No. 5. This document didn't tell the court anything about how long the plaintiff had been incarcerated, or how much money he'd received or spent over the six months prior to the date on which he filed his complaint (that is, between January and June 2019).

The next day—July 12, 2019—the clerk's office sent the plaintiff a second letter, addressed to him at the Dodge County Detention Center. Dkt. No. 5-1. The letter explained to the plaintiff that he had to file a trust account statement for the period January through June 2019, and that if he'd been incarcerated for less than six months, he needed to provide a statement covering the months he'd been incarcerated. Id. Seven days later, the court received a notice from the plaintiff that he'd been transferred from Dodge to the Federal Correctional Institution at Oxford, Wisconsin. Dkt. No. 6. Two days after that, the clerk's office's second letter was returned to the court as undeliverable. Dkt. No. 7.

On August 2, 2019, the court received from the plaintiff a partial account balance from FCI Oxford, showing his trust account activity for the month of July 2019. Dkt. No. 8. For the third time, the clerk's office instructed the plaintiff that he had to submit a trust account statement that covered the preceding *six* months. Dkt. No. 9. The letter advised the plaintiff to provide statements from the Milwaukee County Jail and from Oxford (it didn't mention Dodge). Id. That letter was mailed to the plaintiff at Oxford on August 5, 2019. Id. The court has not heard from the plaintiff since it received the August 2, 2019 partial account balance.

The court notes that the plaintiff had a federal criminal case before another judge in this district, United States v. Bean, 15-cr-146-LA. Records from that case show that as of December 28, 2018, the plaintiff was in the Milwaukee County Jail, held on a $3,500 cash bail. Id. at Dkt. No. 98. As of May 28, 2019, the plaintiff was in the Milwaukee County Jail because of a federal detainer. Id. at Dkt. No. 106. He had been held on that detainer since January of 2019. Id. at Dkt. No. 108 at 2. On June 25, 2019, Judge Lynn Adelman revoked the plaintiff's supervised release and sentenced him to serve nine months in custody with no supervised release to follow. Id. at Dkt. No. 109. Judge Adelman remanded the plaintiff to the custody of the U.S. Marshal on that date. Id. It appears, then, that the plaintiff was in the Milwaukee County Jail from January 2019 through at least the end of June and then in Dodge County Detention Center until he was designated to FCI Oxford. The plaintiff had been in custody (albeit at two different facilities) for the entire six months prior to the date he filed his complaint, and should have filed trust account statements covering that period. He has not done so.

In addition, the plaintiff was released from Oxford on September 24, 2019, according to the Bureau of Prisons inmate locator web site. https://www.bop.gov/inmateloc/. He has not provided the court with a new address. The plaintiff also has filed a petition for *habeas corpus*, Bean v. Lucas, Case No. 19-cv-738-pp, and has not provided a trust account statement or advised the court of his new address in that case.

It has been five months since the plaintiff filed this complaint. He has not provided the required trust account information. He has not advised the court of his current address, despite being released over two months ago. The court concludes from these facts that the plaintiff does not wish to continue with this case. Under Civil L.R. 41(c), "[w]henever it appears to the Court that the plaintiff is not diligently prosecuting the action . . ., the court may enter an order of dismissal with or without prejudice. Any affected party may petition for reinstatement of the action within 21 days."

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to diligently pursue it under Civil L.R. 41(c). The plaintiff may ask the court to reinstate his case if he does so within twenty-one days of the date of this order.

Dated in Milwaukee, Wisconsin, this 3rd day of December, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**